DAWYN R. HARRISON, County Counsel
PETER BOLLINGER, Assistant County Counsel
EVA CHU, Senior Deputy County Counsel
(SBN 235356)
EChu@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone:  (213) 974-0809

CHRISTOPHER PELHAM (BAR NO. 241068)
JACQUELINE C. KARAMA (BAR NO. 311120)
GRACE PARK (BAR NO. 329056)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street, Forty-First Floor
Los Angeles, California  90071
Telephone:  (213) 892-9200
Facsimile:   (213) 892-9494
christopher.pelham@nortonrosefulbright.com
jackie.karama@nortonrosefulbright.com
grace.park@nortonrosefulbright.com

Attorneys for Defendant
**LOS ANGELES COUNTY, CALIFORNIA**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>LOS ANGELES COUNTY, CALIFORNIA,<br><br>        Defendant. | Case No. 2:23-cv-05165-FLA (MRWx)<br><br>Assigned For All Purposes To The Honorable Fernando L. Aenlle-Rocha, Courtroom 6B<br><br>**DEFENDANT LOS ANGELES COUNTY, CALIFORNIA'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:     June 29, 2023 |

Defendant Los Angeles County, California ("Los Angeles County" or "Defendant") hereby answers Plaintiff United States of America's ("United States" or "Plaintiff") Complaint as follows:

## INTRODUCTION

Defendant responds below to each Paragraph of the Complaint pursuant to Rule 8(b)(1)(B) and denies each allegation that is not expressly admitted.

1. Los Angeles County admits Plaintiff has brought a lawsuit against it and that Plaintiff purports to seek enforcement under Title II of the ADA, 42 U.S.C. §§ 12131–12134 and 28 C.F.R. Part 35. Los Angeles County admits it is responsible for selecting and providing accessible facilities to be used as Vote Centers and for overseeing the County's voting program. Los Angeles County denies the remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2. Los Angeles County admits the Court has jurisdiction over this case.

3. Los Angeles County admits that venue is proper in the Central District of California, but denies that any actions committed by Los Angeles County, or its employees acting in their official capacity in this District, give rise to the claims alleged in the Complaint.

## PARTIES

4. Los Angeles County admits that Plaintiff is the United States as alleged in Paragraph 4 of the Complaint.

5. Los Angeles County objects to the recitation of a legal standard in Paragraph 5 of the Complaint and would state that it does not require a response. However, to the extent a response is necessary, Los Angeles County admits it is a public entity because it is a political subdivision of the state of California and a charter county organized and existing under the constitution and laws of the state of California. The County objects to the terminology of "agencies and other instrumentalities" as vague and undefined and is therefore unable to admit these

allegations.

## FACTUAL ALLEGATIONS

6. Los Angeles County admits that it is responsible for administering all elections in the County in alignment with local and state election laws and applicable federal laws. Los Angeles County is also responsible for assessing and ensuring the physical accessibility of facilities used as Vote Centers in the County, and maintains that it does ensure such accessibility.

7. Los Angeles County admits the United States contends it opened an investigation into Los Angeles County's voting program in April 2016 to assess compliance with Title II and contends it conducted architectural surveys of 88 polling places used by Los Angeles County during the June 7, 2016 primary election, but Los Angeles County is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and therefore denies such allegations.

8. Los Angeles County is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and therefore denies such allegations.

9. Los Angeles County denies the allegations in Paragraph 9 insofar as Los Angeles County contends that Senate Bill 450 did far more than replace polling places with Vote Centers, allow voters to cast a ballot at any Vote Center in Los Angeles County, and vote using a vote-by-mail ballot. The factual allegations in this paragraph are insufficient descriptions of what Senate Bill 450 accomplished.

10. Los Angeles County is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore denies such allegations.

11. Los Angeles County is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore denies such allegations.

DOCUMENT PREPARED ON RECYCLED PAPER

12. Los Angeles County is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and therefore denies such allegations.

13. Los Angeles County is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies such allegations.

14. Los Angeles County is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore denies such allegations.

15. Los Angeles County is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies such allegations.

16. Los Angeles County admits some of the locations identified in the United States' findings in the September 13, 2016 letter continue to be used as Vote Centers, but denies the mischaracterization that these Vote Centers are "non-compliant." Los Angeles County denies the remaining allegations in Paragraph 16 of the Complaint in that some of the locations continue to be used but are no longer used in the same capacity and manner as they were back in September 2016.

17. Los Angeles County admits only that it used the First Church of the Nazarene in Pasadena as a Vote Center in the March 2020 primary election. However, the First Church of the Nazarene was only used for the March 2020 election and has been successfully replaced for each election that has taken place since that time, as part of an ongoing process of identifying and ensuring accessible and suitable vote center locations that have greater geospatial suitability. Los Angeles County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint and therefore denies them.

18. Los Angeles County admits only that it used the Valley Plaza Recreation

DOCUMENT PREPARED ON RECYCLED PAPER

Center in North Hollywood as a Vote Center in the March 2020 primary election. However, after the March 2020 election, the Valley Plaza Recreation Center has been successfully replaced for each election since that time, as part of an ongoing process of identifying and ensuring accessible and suitable vote center locations that have greater geospatial suitability. Los Angeles County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint and therefore denies them.

19. Los Angeles County admits only that it used the Downey Elks Lodge #2020 in Downey as a Vote Center in the March 2020 primary election. However, after the March 2020 election, the Downey Elks Lodge #2020 has been successfully replaced for each election since that time, as part of an ongoing process of identifying and ensuring accessible and suitable vote center locations that have greater geospatial suitability. Los Angeles County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint and therefore denies them.

20. Los Angeles County admits only that it used the Imperial Courts Recreation Center (now called the Watts Empowerment Center Gymnasium) as a Vote Center in the November 2022 general election. Los Angeles County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint and therefore denies them.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, Los Angeles County denies the allegation that Los Angeles County's curbside voting program "is also inaccessible to people with disabilities." Los Angeles County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint and therefore denies them.

22. Los Angeles County is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the

DOCUMENT PREPARED ON RECYCLED PAPER

Complaint and therefore denies them. Moreover, Los Angeles County asserts that the senior care facility on Devonshire Street in Chatsworth (actually in Northridge), California has never been used as a Vote Center since the vote center model was implemented in Los Angeles County beginning with the March 3, 2020 election.

23. Los Angeles County is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint and therefore denies such allegations.

24. Los Angeles County admits only that the United States sent a Letter of Findings dated May 16, 2023. Further, to the extent Paragraph 24 quotes from, relies on or purports to characterize the Letter of Findings, that letter speaks for itself, and Los Angeles County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint and therefore denies such allegations.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Los Angeles County is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies such allegations.

**DEFENDANT COUNTY'S VIOLATIONS OF TITLE II OF THE ADA**

26. Los Angeles County alleges and incorporates its objections and responses set forth in Paragraphs 1–25 as if fully restated in Paragraph 26.

27. Paragraph 27 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Los Angeles County denies the allegations set forth in Paragraph 27, including its subparts (a)–(g).

28. Paragraph 28 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Los Angeles County denies the allegations set forth in Paragraph 28.

///

///

## AFFIRMATIVE DEFENSES

In addition to the foregoing, Los Angeles County avers the following defenses pursuant to Federal Rule of Civil Procedure 8(b)(1)(A) and Federal Rule of Civil Procedure 8(c), some of which may be affirmative defenses and others of which relate to the elements of one or more of the United States' Complaint. By pleading these defenses, Los Angeles County does not assume the burden of proof on any fact, issue or element of a cause of action or defense for which it would not otherwise have the burden of proof.

## FIRST AFFIRMATIVE DEFENSE

Los Angeles County asserts that United States has no standing to bring this suit. Because the Plaintiff can cite no language in Title II of the ADA that confers standing on the federal government, no authority to initiate enforcement actions exists.

## SECOND AFFIRMATIVE DEFENSE

The United States' Complaint, and each and every claim alleged therein, are barred by the doctrine of laches and/or the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

The United States' Complaint, and each and every purported cause of action therein, fails to state a claim for which relief can be granted against Los Angeles County.

## FOURTH AFFIRMATIVE DEFENSE

The United States' claims based on alleged facts as they existed on or before September 13, 2016 have been rendered moot.

## FIFTH AFFIRMATIVE DEFENSE

Los Angeles County asserts it engaged in good faith efforts to comply with the law.

## SIXTH AFFIRMATIVE DEFENSE

Los Angeles County asserts that the United States' regulations codified at 28

DOCUMENT PREPARED ON RECYCLED PAPER

C.F.R. Part 35 are arbitrary, capricious, or plainly contrary to the ADA to the extent they attempt to provide enforcement authority by authorizing the United States to initiate a lawsuit against Los Angeles County.

## SEVENTH AFFIRMATIVE DEFENSE

Los Angeles County asserts it complied with the ADA by providing an aid, benefit or service to individuals with disabilities that are as effective as those provided to non-disabled voters.

## EIGHTH AFFIRMATIVE DEFENSE

Los Angeles County asserts that its voting program, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities. *See* 28 C.F.R. § 35.150.

## NINTH AFFIRMATIVE DEFENSE

Los Angeles County asserts that the modifications demanded by the United States would fundamentally alter the nature of the service, program or activity. *See* 28 C.F.R. § 35.130(7)(i); 35.150(a)(3).

## TENTH AFFIRMATIVE DEFENSE

The United States failed to show it is entitled to injunctive relief because the United States failed to show a substantial likelihood that the United States will prevail on the merits, that the United States and/or the individuals referenced in the Complaint will suffer irreparable injury if the injunction is not issued, that the threatened injury to the individuals referenced in the Complaint outweighs the potential harm to Los Angeles County, and that the injunction, if issued, would not be adverse to the public interest.

## ELEVENTH AFFIRMATIVE DEFENSE

Los Angeles County is immune from suit and damages under the Eleventh Amendment to the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

The United States and/or the individuals referenced in the Complaint are

DOCUMENT PREPARED ON RECYCLED PAPER

estopped, by their own acts and omissions, from asserting any claim against Los Angeles County.

### THIRTEENTH AFFIRMATIVE DEFENSE

Los Angeles County asserts it compiled with Title II of the ADA in making reasonable accommodations for voters with disabilities. Los Angeles County provides curbside voting and ballot drop boxes, and allows persons with disabilities to vote by mail. Los Angeles County also provides temporary measures to further assist voters with disabilities in voting.

### FOURTEENTH AFFIRMATIVE DEFENSE

Los Angeles County asserts it would be an undue hardship to provide the accommodations claimed by the United States.

### FIFTEENTH AFFIRMATIVE DEFENSE

Los Angeles County reserves its right to assert and rely on any additional affirmative defenses that may become available or apparent during discovery proceedings and/or trial.

### PRAYER FOR RELIEF

WHEREFORE, Los Angeles County respectfully requests:

1. That the United States takes nothing by this action, including declaratory or injunctive relief or any other relief requested by the United States;

2. That judgment be rendered in favor of Los Angeles County and against the United States;

3. A dismissal of the Complaint, with prejudice, and an award of Los Angeles County's reasonable attorney's fees and costs to the extent permitted by law; and

4. Such other and further relief, legal and equitable, that the Court may deem just and proper.

/ / /

/ / /

# DEMAND FOR JURY TRIAL

Defendant Los Angeles County, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, hereby demands a trial by jury on any and all issues triable to the jury.

Dated: August 02, 2023

**NORTON ROSE FULBRIGHT US LLP**
CHRISTOPHER PELHAM
JACQUELINE C. KARAMA
GRACE PARK


By  */s/ Christopher Pelham*
CHRISTOPHER PELHAM
Attorneys for Defendant
**LOS ANGELES COUNTY, CALIFORNIA**

# PROOF OF SERVICE

I, Evette Rodriguez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. On August 2, 2023, I served a copy of the within document(s):

**DEFENDANT LOS ANGELES COUNTY, CALIFORNIA'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

| | |
|---|---|
| ☒ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. |
| ☐ | by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |
| ☐ | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☒ | by transmitting via e-mail or other electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below. |

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 2, 2023, at Los Angeles, California.

_____
Evette Rodriguez

# SERVICE LIST

*United States of America v. Los Angeles County, California*
Case No. 2:23-cv-05165-FLA (MRWx)

| | |
|---|---|
| E. MARTIN ESTRADA<br>United States Attorney<br>DAVID M. HARRIS<br>Assistant United States Attorney<br>Chief, Civil Division<br>RICHARD M. PARK<br>Assistant United States Attorney<br>Chief, Civil Rights Section, Civil Div.<br>KATHERINE M. HIKIDA<br>Assistant United States Attorney<br>Federal Building, Suite 7516<br>300 North Los Angeles Street<br>Los Angeles, CA  90012<br>Telephone:  (213) 894-2285<br>Facsimile:  (213) 894-7819<br>Email:  katherine.hikida@usdoj.gov | *Attorneys for Plaintiff*<br>*United States of America* |