DAWYN R. HARRISON, County Counsel
PETER BOLLINGER, Assistant County Counsel
EVA CHU, Senior Deputy County Counsel
(SBN 235356)
EChu@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone:  (213) 974-0809

CHRISTOPHER PELHAM (BAR NO. 241068)
JACQUELINE C. KARAMA (BAR NO. 311120)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street, Forty-First Floor
Los Angeles, California  90071
Telephone:  (213) 892-9200
Facsimile:   (213) 892-9494
christopher.pelham@nortonrosefulbright.com
jackie.feick@nortonrosefulbright.com

Attorneys for Defendant
**LOS ANGELES COUNTY, CALIFORNIA**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY, CALIFORNIA,<br><br>Defendant. | Case No. 2:23-cv-05165-FLA (MRWx)<br><br>Assigned For All Purposes To The Honorable Fernando L. Aenlle-Rocha, Courtroom 6B<br><br>**DEFENDANT LOS ANGELES COUNTY, CALIFORNIA'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF GLENN DEA**<br><br>Complaint Filed: June 29, 2023<br>Trial Date: December 3, 2024 |

DOCUMENT PREPARED ON RECYCLED PAPER

- 1 -    Case No. 2:23-cv-05165-FLA (MRWx)
DEFENDANT LOS ANGELES COUNTY, CALIFORNIA'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF GLENN DEA

**DEFENDANT LOS ANGELES COUNTY, CALIFORNIA'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF GLENN DEA**

Pursuant to Federal Rule of Civil Procedure 56(c) and this Court's Initial Civil Standing Order, Defendant Los Angeles County, California (the "County") hereby submits its Evidentiary Objections to the Declaration of Glenn Dea ("Dea's Declaration") in support of Plaintiff the United States of America's ("Plaintiff") Motion for Partial Summary Judgment ("Motion") as follows:

As set forth below, the declaration of Plaintiff's retained expert, Glenn Dea, submitted in Support of Plaintiff's Motion includes numerous inadmissible statements and should be disregarded. Based on the following evidentiary grounds, the County respectfully requests that the Court sustain its objections and strike Dea's Declaration in its entirety.

| Objectionable Statement in Declaration | Defendant's Evidentiary Objections |
|---|---|
| All testimony of Glenn Dea, including that among the Vote Center sites he analyzed, some contained "one or more non-compliant elements," or "one or more non-compliant elements with county remedies that will not address the identified barrier(s)." | First, as set forth in the contemporaneously-filed declaration of Jacqueline C. Karama, the County has not had sufficient opportunity to depose Mr. Dea on essential parts of his testimony (including whether he visited any of the Vote Center sites) or review the records underlying his opinion. While the government did make Mr. Dea available for deposition, the County was unable to sufficiently examine Mr. Dea's opinion due to improper objections by government counsel or due to Mr. Dea own refusal to answer or to stand on his own objections. The County had a right to examine Mr. Dea's |

| Objectionable Statement in Declaration | Defendant's Evidentiary Objections |
|---|---|
| | opinion prior to its opposition and after he was offered as a pre-Rule 26-disclosure expert. *See Sims v. Metro. Life Ins. Co.*, No. C-05-02980 TEH EDL, 2006 WL 3826716, at *3 (N.D. Cal. Dec. 27, 2006) (allowing opposing party to depose declarant-experts for three hours and with respect to "the declarations submitted in support of . . . the Motion for Summary Judgment).<br><br>Second, the evidence lacks essential foundation. Fed. R. Evid. 602, 703. Mr. Dea apparently (i) did not confirm the measurements of the County's Field Representatives in the surveys (some of which measurements were inaccurate or incomplete), *see, e.g.*, Dea Dep. 94:20-95:6, 168:3-169:1; Young Dec. ¶¶ 53-68; (ii) did not visit any of the Vote Center sites, *e.g.*, Dea Dep. 168:3-169:1; (iii) did not observe the Vote Centers during any election period, *e.g.*, Dea Dep. 169:2-12; and (iv) did not fully analyze the impact of the County's mitigation measures at the Vote Centers, *e.g.*, Dea Dep. 182:23-183:10. |


Dated: May 24, 2024

**NORTON ROSE FULBRIGHT US LLP**
CHRISTOPHER PELHAM
JACQUELINE C. KARAMA

By  */s/ Christopher Pelham*
CHRISTOPHER PELHAM
Attorneys for Defendant
**LOS ANGELES COUNTY, CALIFORNIA**