KRISTEN CLARKE
Assistant Attorney General for Civil Rights
REBECCA B. BOND
Chief, Disability Rights Section
KEVIN J. KIJEWSKI
Deputy Chief, Disability Rights Section
ELIZABETH JOHNSON
ALICE W. YAO
KATHERINE DUTCHER (Cal. Bar No. 313010)
Trial Attorneys, Disability Rights Section
U.S. Department of Justice
950 Pennsylvania Ave. NW--4CON
Washington, D.C. 20530

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Chief, Civil Division
RICHARD M. PARK
Chief, Civil Rights Section
KATHERINE M. HIKIDA (Cal. Bar No. 153268)
MATTHEW J. BARRAGAN (Cal. Bar No. 283883)
MARGARET M. CHEN (Cal. Bar No. 288294)
ALEXANDRA YOUNG (Cal. Bar No. 336004)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LOS ANGELES COUNTY, CALIFORNIA, <br><br> Defendant. | Case No. 2:23-cv-05165-FLA(MRWx) <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF GLENN DEA** <br><br> Hearing Date: July 12, 2024 <br> Time: 1:30 p.m. <br> Ctrm.: First Street Courthouse Courtroom 6B <br><br> Honorable Fernando L. Aenlle-Rocha <br> United States District Judge |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF GLENN DEA**

| ITEMS OBJECTED TO: | DEFENDANT'S OBJECTIONS: |
|---|---|
| All testimony of Glenn Dea, including that among the Vote Center sites he analyzed, some contained "one or more non-compliant elements," or "one or more non-compliant elements with county remedies that will not address the identified barrier(s)." | First, as set forth in the contemporaneously-filed declaration of Jacqueline C. Karama, the County has not had sufficient opportunity to depose Mr. Dea on essential parts of his testimony (including whether he visited any of the Vote Center sites) or review the records underlying his opinion. While the government did make Mr. Dea available for deposition, the County was unable to sufficiently examine Mr. Dea's opinion due to improper objections by government counsel or due to Mr. Dea own refusal to answer or to stand on his own objections. The County had a right to examine Mr. Dea's opinion prior to its opposition and after he was offered as a pre-Rule 26-disclosure expert. *See Sims v. Metro. Life Ins. Co.*, No. C-05-02980 TEH EDL, 2006 WL 3826716, at *3 (N.D. Cal. Dec. 27, 2006) (allowing opposing party to depose declarant-experts for three hours and with respect to "the declarations submitted in support of . . . the Motion for Summary |

1

|   |   |
|---|---|
|   | Judgment). |
|   | Second, the evidence lacks essential foundation. Fed. R. Evid. 602, 703. Mr. Dea apparently (i) did not confirm the measurements of the County's Field Representatives in the surveys (some of which measurements were inaccurate or incomplete), *see, e.g.*, Dea Dep. 94:20-95:6, 168:3-169:1; Young Dec. ¶¶ 53-68; (ii) did not visit any of the Vote Center sites, *e.g.*, Dea Dep. 168:3-169:1; (iii) did not observe the Vote Centers during any election period, *e.g.*, Dea Dep. 169:2-12; and (iv) did not fully analyze the impact of the County's mitigation measures at the Vote Centers, *e.g.*, Dea Dep. 182:23-183:10. |

**PLAINTIFF'S RESPONSE:**

  The County's objections to Mr. Dea's declaration are baseless. The United States offered Mr. Dea for a deposition because he provided a declaration in support of the United States' motion for partial summary judgment. The United States informed the County before the deposition that the scope of the deposition would be limited to Mr. Dea's declaration and the County surveys he reviewed to prepare the declaration. Yao Decl. ¶ 5, Ex. 2. *See Woorley v. Avanquest N Am. Inc.*, No. C 12-04391 WHO (LB), 2013 WL 6576732, at *5 (N.D. Cal. Dec. 13, 2013) (concluding discovery limited to "only information related to the expert's statements, findings, or opinions

1  that were put at issue" in a pleading or motion; "discovery is not allowed into
2  information or material not put in issue or [regarding] the contents of any privileged
3  communications" (citations omitted)); *Sims v. Metro. Life Ins. Co.*, No. C-05-02980,
4  2006 WL 3826716, at *3 (N.D. Cal. Dec. 27, 2006) (holding parties may depose
5  experts regarding statements in their declarations related to motion for summary
6  judgment). Questions about a Rule 26 report are premature because the United States
7  did not offer Mr. Dea for a deposition based on a Rule 26(a)(2) report nor is it required
8  to disclose experts at this time. Fed. R. Civ. P. 26(a)(2)(D); Order Approving
9  Stipulation to Continue Fact & Expert Discovery Cut-Off Dates (June 7, 2024), ECF
10 No. 51 (setting August 26, 2024, as the initial expert disclosure deadline). The United
11 States asserted valid objections during the deposition, including work product, when
12 the County's questions went beyond the declaration. And the County's assertion that it
13 did not have the opportunity to review the records underlying his declaration is simply
14 untrue. Mr. Dea produced responsive documents at his deposition, as requested by the
15 County's Amended Subpoena. Yao Decl. ¶ 6.
16        Mr. Dea states in his declaration that he was retained by the United States to
17 review and analyze County-conducted accessibility surveys for 50 vote centers used in
18 the March 2024 primary election. Dea Decl. ¶ 11. In this capacity, Mr. Dea reviewed
19 and considered documents and information for fifty vote centers used in the March
20 2024 primary election including: (i) PDF scans of County accessibility survey forms
21 and other related documents; (ii) photographs taken by County employees while
22 conducting County surveys; (iii) PDF scans of proposed voting area layouts; (iv) an
23 MS Word list of temporary measures proposed by the County; (v) a list of November
24 2022 Vote Centers that includes notes and information about van signs and auto signs;
25 (vi) a list of the same vote centers that includes equipment for each vote center; (vii)
26 Google Maps; and (viii) Google Earth. Dea Decl. ¶ 12.
27        For each of the fifty vote centers, Mr. Dea reviewed survey forms and other
28

related forms used by the County to assess the completeness and reliability of the information included. Dea Decl. ¶ 20. His review included: (i) checking vote center information for accuracy and verifying the survey dates; (ii) reviewing the vote center surveys and determining whether there are missing pages, information, and photos; (iii) reviewing the completeness of the data collected in the survey forms; (iv) reviewing for completeness each section in the survey; (v) for some surveys, comparing the field measurements provided in the survey with the corresponding photographs; and (vi) determining the path of travel routes included in the survey through photographs and aerial images, such as Google Maps. *Id.* Mr. Dea's statements accurately reflect information about which he personally has been informed. Such testimony is based on his personal knowledge and foundation.

The County objects to Mr. Dea's reliance on its own surveys and argues his analysis "does not appear to include on-site visits to any of the Vote Center sites, [or] confirmation or authentication of the County inspectors' measurements." SGDF-21. Mr. Dea reviewed the most recent surveys produced by the County, which it relied on to select March 2024 Election vote centers. The County's argument ignores the principle that individual accessibility barriers—here shown through County surveys—are necessary to establish a program is not readily accessible. *See Pascuiti v. N.Y. Yankees*, 87 F. Supp. 2d 221, 224 (S.D.N.Y. 1999) ("[E]ach barrier is a building block for a finding that the [program], viewed in its entirety, is not readily accessible."). The County now highlights errors in its surveys but has produced no evidence of corrected measurements; these purported errors further illustrate the inadequacy of the County's site selection process. County's Opp'n to Mot. for Summ. J. 20, ECF No. 46.

In addition, the County objects that Mr. Dea's opinion did not incorporate assessment of the County's mitigation measures with respect to the Vote Centers. However, Mr. Dea reviewed the mitigation measures produced by the County, And the County admits that, as a general practice, it does not use mitigation measures besides

cones, doorstops, and signs, Opp'n 8, 23; Mr. Dea's opinions about the County's failure to remediate accessibility barriers at most of the 50 vote centers is corroborated by testimony from the County. *See* Young Dep. 99:7-19 (Karama Decl., Ex. 1 at 52, ECF No. 46-6 ("probably close" to 98% of March 2024 Election vote centers had unmitigated accessibility barriers)).

Dated: June 14, 2024

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Chief, Civil Division
RICHARD M. PARK
Chief, Civil Rights Section

   */s/ Katherine M. Hikida*
KATHERINE M. HIKIDA
MATTHEW J. BARRAGAN
MARGARET M. CHEN
ALEXANDRA YOUNG
Assistant United States Attorneys

Respectfully submitted,

KRISTEN CLARKE
Assistant Attorney General for Civil Rights
REBECCA B. BOND
Chief, Disability Rights Section
KEVIN J. KIJEWSKI
Deputy Chief, Disability Rights Section

   */s/ Alice W. Yao*
ELIZABETH JOHNSON
ALICE W. YAO
KATHERINE DUTCHER
Trial Attorneys
Disability Rights Section

Attorneys for Plaintiff
United States of America

5